U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 AUG 15 PM 2:41

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

WILLIS BOYD ANNIS, III,            )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )   Case No. 2:22-cv-68
                                   )
VERMONT STATE PROSECUTORS, et al., )
                                   )
        Defendants.                )

**ENTRY ORDER
GRANTING PLAINTIFF'S APPLICATION FOR LEAVE TO
PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT**
(Docs. 1, 1-3)

Plaintiff Willis Boyd Annis, III, a Nevada resident representing himself, seeks to bring claims for violations of his rights against multiple Defendants, including the "Vermont State Prosecutors," in this civil rights action. Because his financial affidavit satisfies the requirements of 28 U.S.C. § 1915(a), Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") is GRANTED. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and Fed. R. Civ. P. 12(b)(6).

**I.   Allegations of Plaintiff's Proposed Complaint.**

In this action, Plaintiff alleges that he "[f]iled and [w]on Summary Judg[]ment" in *Annis v. State of Vermont Prosecutors, et al.*, Case No. 5:13-cv-47 (D. Vt. July 23, 2014) and the facts underlying his claim have been "[p]roven" by the Second Circuit. (Doc. 1-3 at 4.) He alleges his injuries include "[s]urgery to remove sensory chip illegally implanted in [his] neck," that his family was killed, and that none of the remedies "were enforced" after he won summary judgment. *Id.* at 5. As relief, Plaintiff seeks twenty million dollars in damages as well as a job at the Vermont Human Rights Commission. He also asserts that "on November [9,] 2021[, an] audio tape was made [b]y Dr. Whitcom

and Doctor Dillenger [t]hat states 'whoever is killing your family wants that sensory chip back[.]'" *Id.* at 7. He asks that the court request this audio tape from Dr. Dillenger.

## II. Procedural Background.

Plaintiff has previously sought IFP status and raised similar claims in this court which have been dismissed. In 2013, while a resident of Vermont, he was granted IFP status and his case was dismissed under § 1915(e)(2)(B). *Annis v. State of Vt. Prosecutors*, Case No. 5:13-cv-47, Doc. 2 at 3 (D. Vt. Apr. 15, 2013), *aff'd per curiam*, 568 F. App'x 9 (2d Cir. 2014).

In March 2013, Plaintiff applied to proceed IFP with regard to his claims alleging Vermont state officials and other individuals had been reading his mind and had committed identity theft and theft of his intellectual property. He further claimed unnamed state and federal prosecutors failed to prosecute these alleged crimes. In April 2013, the court granted Plaintiff IFP status but dismissed the Complaint because Plaintiff's "allegations lack[ed] an arguable factual basis" and because a private citizen has no right to the criminal prosecution of another individual. *Id.* The court granted Plaintiff leave to file an Amended Complaint, which he did in May 2013. In June 2013, however, the court dismissed the action for the same reasons. *Id.*, Doc. 5 at 3 (D. Vt. June 26, 2013). The court denied further leave to amend because Plaintiff was previously granted leave to amend and asserted the same core facts and requests for relief, which rendered further pleading futile. Judgment was entered on June 27, 2013, and the case was dismissed.

In August 2013, Plaintiff filed a notice of appeal and the court granted his motion for leave to appeal IFP. In July 2014, the United States Court of Appeals for the Second Circuit issued a mandate affirming this court's dismissal upon de novo review. The appeals court determined "that Annis's complaint about defendants' failure to prosecute persons tracking his thoughts through a mind reading device 'lacks an arguable basis either in law or fact.'" *Annis v. State of Vt. Prosecutors*, 568 F. App'x 9, 9 (2d Cir. 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). It further determined that Plaintiff's allegations could not support a plausible claim for relief in light of established

2

precedent and, because a valid claim could not be alleged, denial of leave to amend was appropriate.

In 2022, Plaintiff sought IFP status in four additional cases, which were also dismissed under § 1915(e)(2)(B). *Annis v. Fed. Prosecutors State of Vt., et al.*, Case No. 2:22-cv-55 (D. Vt. May 19, 2022); *Annis v. Wiggins Air Freight, et al.*, Case No. 2:22-cv-56 (D. Vt. May 19, 2022); *Annis v. Rule, et al.*, Case No. 2:22-cv-57 (D. Vt. May 19, 2022); *Annis v. Norwich Mil. Acad. VT, et al.*, Case No. 2:22-cv-84 (D. Vt. June 1, 2022).

### III.   Conclusions of Law and Analysis.

#### A.   Standard of Review.

Under 28 U.S.C. § 1915, "the court shall dismiss [a] case [filed IFP] at any time if the court determines that . . . the action . . . is frivolous or malicious; [] fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Courts afford pleadings filed by self-represented parties "special solicitude." *See Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (internal quotation marks omitted). The court is required to read a self-represented plaintiff's complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

All complaints, however, must contain "sufficient factual matter[] . . . to state a claim" for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). In determining whether a complaint states a claim, the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Self-represented litigants must satisfy the plausibility standard set forth in *Iqbal*. *See Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80-81 (2d Cir. 2020). "[T]he tenet that a

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A court has inherent authority to dismiss a case that presents no meritorious issue. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (holding that a district court may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee); *Pillay v. Immigr. & Naturalization Serv.*, 45 F.3d 14, 17 (2d Cir. 1995) (holding that the court has "inherent authority" to dismiss a petition that presents "no arguably meritorious issue"). The Supreme Court has held that a complaint "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (complaint is factually frivolous where "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional") (internal citation and quotation marks omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.

### B.     28 U.S.C. § 1915(e)(2)(B) Review.

In this case, Plaintiff claims that a sensory chip has been implanted in his neck. The Second Circuit Court of Appeals did not credit this allegation and affirmed this court's determination that Plaintiff's allegations lacked an arguable basis in law or fact. *See Annis*, 568 F. App'x at 9.

Plaintiff's present allegations regarding the sensory chip as well as the killing of his family in connection with the chip also lack an arguable factual basis under *Denton*. *See Denton*, 504 U.S. at 33 (approving dismissal of complaint based on irrational or wholly incredible allegations); *see also Weatherford v. Economic Servs. Univ. of Vt.*, 2019 WL 3239529, at *2 (D. Vt. July 18, 2019) (dismissing complaint containing allegations that plaintiff "has been 'experimented on,' that she is the subject of surveillance by dogs, and that everything from the timing of the 'projects' being instated to her homelessness and familial estrangement is part of a pattern of harassment" because they were irrational or wholly incredible). Because Plaintiff has failed to allege the

4

essential elements of a legal claim, he has "fail[ed] to state a claim upon which relief can be granted[,]" and his Complaint must be DISMISSED. *See* Fed. R. Civ. P. 12(b)(6); § 1915(e)(2)(B)(i)-(ii).

### C. Leave to Amend.

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint 'without granting leave to amend at least once,' unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). "Amendment is futile where the problems with the complaint's claims are substantive and not the result of inartful pleading." *Biswas v. Rouen*, 808 F. App'x 53, 55 (2d Cir. 2020) (internal quotation marks and alterations omitted).

Plaintiff was granted leave to amend in his 2013 case in this court. On appeal, the Second Circuit determined that Plaintiff's factual allegations could not support a plausible claim for relief in light of established precedent. This court's denial of further leave to amend was affirmed as appropriate. Because Plaintiff asserts the same or similar factual allegations in this case, Plaintiff is denied leave to amend because it would be futile as his allegations against Vermont State Prosecutors and others would not state a claim for which relief could be granted. He has also previously had the opportunity to plead the same or similar claims in other cases.

## CONCLUSION

For the reasons discussed above, and having conducted the review required under 28 U.S.C. § 1915(a)(1), Plaintiff's request to proceed *in forma pauperis* (Doc. 1) is GRANTED. Plaintiff's Complaint (Doc. 1-3) is nonetheless DISMISSED under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

The court reminds Plaintiff of its prior warning: "In light of the history of his litigation in this court, Mr. Annis is warned that future frivolous filings in this District

5

may result in a filing injunction." *Annis*, Case No. 2:22-cv-84, Doc. 2 at 5 (D. Vt. May 31, 2022) (footnote omitted).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 15th day of August, 2022.

_____
Christina Reiss, District Judge
United States District Court